AUGUSTUS M. DAGGETT

*v.*

FORD COUNTY.

*Filed at Springfield June 20, 1881.*

1. COUNTY OFFICERS—*limited to amount fixed for clerk hire, etc.* A clerk of the circuit court can not recover from the county, money actually expended by him for necessary clerk hire, in excess of the amount allowed him by the county board for that purpose, separately from his compensation for personal services, within the limit of fees actually received. If the amount paid for clerk hire falls short of the sum fixed by the county board, the officer can retain only the sum actually expended by him, but can not recover for any excess actually paid by him.

2. SAME—*power to change allowance for clerk hire. etc.* It is the duty of the county board to fix the amount necessary for clerk hire, fuel, etc., and if in so doing the board commits an error of judgment, in not allowing enough for that purpose, the amount, when fixed separate from the officer's personal compensation, may be changed from time to time, during the term of office, as the board may see fit. But this can not be changed when fixed with the officer's compensation, in a gross sum.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Ford county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. KINNEAR & MOFFETT, for the appellant:

We maintain that the constitution only contemplates that the county board shall previously fix the compensation or salary of county officers, and that the amount necessary for clerk hire, etc., be audited and paid by the county as the same is ascertained and incurred during the term of the incumbent. Sec. 10, art. 10, of the constitution.

The officer will not get his compensation unless he is fortunate enough to collect fees sufficient for the purpose; but the payment of the necessary expenses of the office is not contingent upon the collection of a certain amount of fees. The officer is bound to pay all fees and allowances in excess

of his compensation into the county treasury, and the county becomes liable for the necessary expenses of the office. See Rev. Stat. 1877, p. 492, sec. 15; and p. 496, sec. 19.

If the board fix a sum in advance, which proves to be greater than the actual and necessary expenses incurred, surely the county will not pay the excess; and conversely, if the amount fixed be inadequate, it ought to be liable to pay the deficit. It is mandatory on the board to provide for the *necessary* clerk hire and expenses.

The case of *Kilgore* v. *The People*, is not analogous to this. In that case, the compensation fixed included the clerk hire, etc., which is not so here. The following cases are referred to as giving a construction of the law: *Wheelock* v. *The People*, 84 Ill. 551; *Cullom, etc.* v. *Dolloff*, 94 id. 330; *Briscoe* v. *Clark County*, 95 id. 309.

The statute empowers this court to enter final judgment, and issue execution. Rev. Stat. 1877, p. 744, sec. 81; *Constant* v. *Matteson*, 22 Ill. 561; *Hadlock* v. *Matteson*, id. 388; *Grant* v. *Stevenson*, 3 Gilm. 281; *Halliday* v. *The People*, 5 id. 217; *Gill* v. *Johnson*, 1 Scam. 405; *Rockwell* v. *Servant*, 54 Ill. 251.

Mr. A. SAMPLE, for the appellee:

The language of the constitution (sec. 10, art. 10,) means, as I contend:

*First*—That an aggregate or fixed sum shall be named by the board for clerk hire, etc.

*Second*—That such aggregate sum, as to anything pertaining to that clause, shall be fixed at the same time.

*Third*—That the power and discretion to fix the amount are vested absolutely in the board of supervisors.

It is in evidence that the compensation, clerk hire, etc., was fixed before election. The law requires this to be done. One of the purposes evidently is to inform aspirants for the position just what amount will be allowed, and when

the position or office is accepted with that knowledge, such fixing of the amount becomes a contract.

A person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. *City of Decatur* v. *Vermilion*, 77 Ill. 316.

It may be safely asserted, as a legal proposition, that fees or costs can not be allowed or recovered unless fixed by law. *Smith, Exr.* v. *McLaughlin et al.* 77 Ill. 598.

While it may be true that the board of supervisors can change the amount of clerk hire after it has once been fixed, it can only do so by fixing it at some other sum. That has not been done in this case, and consequently the plaintiff has no basis for a suit, as he can not recover upon a *quantum meruit. Smith* v. *McLaughlin*, 77 Ill. 598.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Daggett, clerk of the circuit court of Ford county, entered upon his duties as such December 4, 1876. Previous to his election, and at their September meeting, 1876, the board of supervisors of the county adopted a resolution fixing the salary of the clerk of the circuit court at $1500 per annum, clerk hire $600 per annum, and $150 for stationery, fuel, and other expenses.

At the December meeting, 1877, of the board, Daggett presented his annual report of the total earnings, receipts and disbursements of his office for the year ending December 1, 1877, showing the total earnings to be $5184.33; total receipts $4007.41. From these receipts was deducted, salary $1500; clerk hire $1319.80; coal $35, showing a balance due the county of $1222.61. The board declared this report to be correct, except as to the amount retained in excess of the clerk hire as fixed by the board, and ordered Daggett to pay over to the county treasurer such amount, being the sum of $719.80, which was accordingly paid over, and at the March term of the board, 1878, Daggett presented his account therefor against the county to be re-

imbursed the same, which claim was disallowed by the board
of supervisors, and an appeal taken from the order of dis-
allowance to the circuit court, which affirmed the order, as
did also the Appellate Court on appeal to that court for the
Third District, and the case is here on appeal from the latter
court, the requisite certificate having been made.

The only question presented by this record is, whether a
clerk of a circuit court can recover from the county, money
actually expended by him for necessary clerk hire in excess
of the amount allowed him by the county board, the amount
claimed being within the limit of fees received.

Section 10, article 10, of the State constitution, provides:
"The county board * * * shall fix the compensation
of all county officers, with the amount of their necessary clerk
hire, stationery, fuel, and other expenses; and in all cases
where fees are provided for, said compensation shall be paid
only out of, and shall in no instance exceed, the fees
actually collected. They shall not allow either of them
more per annum than $1500, in counties not exceeding
20,000 inhabitants: * * * . Provided, that the com-
pensation of no officer shall be increased or diminished dur-
ing his term of office. All fees or allowances by them
received in excess of their said compensation shall be paid
into the county treasury."

This section of the constitution has, in several instances,
been before this court, and received a construction in certain
of its aspects.

In Kilgore v. The People, 76 Ill. 548, the county board
fixed the compensation of the county treasurer at $700 per
annum, to include fuel, stationery and clerk hire. It was
held that the board might fix the compensation in that mode,
not specifying a definite sum for the one or the other; that
the treasurer's entire compensation was thus fixed in that
case, and was limited to $700 per annum.

In Hughes v. The People, 82 Ill. 78, the county board fixed
the compensation of the sheriff at $3000 per annum, and

$2500 additional, for clerk hire. It was held that he could claim nothing beyond those amounts, and that all sums beyond were payable into the county treasury.

In *Wheelock* v. *The People*, 84 Ill. 551, it was said, that it was not the meaning of this section that the compensation to be fixed by the county board shall, in every instance, include all expenses of the office, but that it may or may not include such expenses; that the compensation of the officer may be fixed at a sum not exceeding the constitutional limit, and another sum designated for necessary clerk hire, etc.

In *Cullom* v. *Dolloff*, 94 Ill. 330, the clerk of the circuit court entered upon the duties of his office December 1, 1872. Prior to his election, and on September 12, 1872, the county board fixed the compensation of the circuit clerk at $2500 per annum, and also fixed the amount of his necessary clerk hire at $4000 per annum. It so remained until June 15, 1874, at which time the board passed a resolution, "that from the first day of July, 1874, this board will allow the circuit clerk only the necessary clerk hire of his office, in lieu of the $4000 per annum heretofore allowed." In the action on the bond of the clerk, for fees retained, the court below allowed him $4000 each year for clerk hire, up to December 1, 1874, although it appeared that he did not pay out $4000 a year for clerk hire, but that after deducting money paid for clerk hire, fuel, stationery and other expenses, there remained in his hands, on December 1, 1874, from fees collected, $1253.58, and judgment was rendered in favor of the clerk. This court reversed the judgment, and in the opinion it was said, that the order allowing $4000 a year was not valid; that the county board was powerless to bind the county to pay more than the clerk hire and expenses necessarily cost, although it does not distinctly appear whether there was anything more in controversy than clerk hire subsequent to July 1, 1874, when the board changed the allowance from and after that time from $4000 to only the necessary clerk hire,—it appearing rather, from the statement, that the con-

tention between the parties was whether the board, having once fixed the allowance for clerk hire at $4000, had power afterward, during the term of the office, to change the allowance.

But however it may be as to what was said there being taken as deciding that the amount fixed by the board for the necessary clerk hire is not to control where the necessary clerk hire is shown to have been less than such amount, it can not fairly be regarded as an authority for giving to the officer more than that amount, when the necessary clerk hire is shown to have been more, however logical a conclusion that might be. For there, the former decision in *Hughes* v. *The People*, that the officer was not entitled to more than the allowance fixed by the county board for clerk hire, was adverted to, not only without any disapproval, but rather the reverse. It was cited by counsel as a decision that the officer was entitled to the whole sum fixed ; but it was answered, that it was not questioned in that case that the officer had expended the full amount allowed; that " the controversy was as to a sum claimed by him (officer) for services, over and above the $4500 fixed by the county board as the limit, and it was held he could claim nothing beyond the sum thus fixed."

In *Briscoe* v. *Clark County*, 95 Ill. 309, Briscoe became county clerk of Clark county on the first Monday in December, 1873. In September next before his term began, the county board fixed the compensation of the county clerk at $1200, that of deputy at $600, and for fuel and stationery, $200 per annum. At the September term of the county board, in 1875, Briscoe made a certain bargain with the board, whereby he was to do certain things, and in consideration of which the board agreed to excuse him from reporting the amount of fees collected, and to allow him to retain the future earnings of the office, and to furnish fuel for the office. Two years afterward, at the July term, 1877, the board, by resolution, repudiated the contract of the September term, 1875, as invalid. Briscoe brought suit against the county to

recover for expenses of his office subsequent to the September term, 1875. The court below held that the action of the county board in September, 1873, fixing the allowances to be made for clerk hire and fuel and stationery, could not be changed during the officer's term of office. This was held by this court to be error,—that it was the compensation fixed for the personal services of the officer that was forbidden by the constitution to be changed during the term of office, but that the amount of the allowance for necessary clerk hire, etc., was subject to be changed by the board during the term of office. The contract of September, 1875, was held to be invalid, as against the policy of the constitution, except that it should have effect to annul the allowance made by the county board in 1873, and leave the officer to recover for the necessary expenses of his office, as in case where there had been no allowance fixed therefor.

*Jennings* v. *Fayette County,* 97 Ill. 420, recognizes that it is lawful to fix a compensation that will include the expenses of the office as well as the personal services of the incumbent, and that it is also lawful to fix one amount for the personal services of the officer, and another amount for the expenses of the office. That when fixed in the former mode, the officer is entitled to retain the full amount allowed, if the fees actually collected equal that amount; but that when fixed in the latter mode, the officer may retain out of the fees collected the amount allowed him for his personal services, but no more of the sum appropriated for expenses of the office than the sum actually expended for that purpose, referring to *Cullom* v. *Dolloff, supra.* And it was held, that the allowances to officers, whether for personal services or for office expenses, and in whichever mode made, can only be paid out of fees actually collected.

These are believed to be all the decisions having material bearing upon the question, and in no one of them do we find expression of the view that where there is a subsisting order of the county board fixing the amount of allowance to

an officer for necessary clerk hire, etc., the officer is entitled to more than that amount on showing that the money actually expended by him for necessary clerk hire, etc., exceeded the sum fixed by the board, whereas *Hughes* v. *The People*, above cited, certainly holds that he is not; and the *case of Dolloff*, which is supposed to hold that the officer is not entitled to the full sum fixed, where the sum actually expended for necessary clerk hire, etc., does not equal the amount fixed, but only to the sum expended, yet refers with implied approval to this *case of Hughes*, holding that the officer can not claim anything beyond the amount fixed by the county board as the necessary clerk hire, etc.

If, after holding that the amount of the necessary clerk hire, etc., fixed by the county board is not to control when the sum actually expended for such purposes is less than the amount allowed, we now go further, and say that the amount allowed is not to govern where the officer actually expends for the purposes more than that sum, the provision of the constitution that the county board shall fix the amount of the officer's necessary clerk hire, etc., becomes entirely idle and unmeaning. Why the county board fix the amount, if it is to be without any effect,—if in every case it may be shown that the amount fixed is more or less than necessary? Who, then, is to determine what is necessary? Is it to be left to the determination of the officer, and the temptation be held out to him to keep all the fees that come into his hands, under the claim that they are necessary to pay the expenses of his office, and trusting to his ability to make it so appear? Or is it to be left to the determination of the verdict of a jury, at the end of a litigated suit? It is the policy of the law that an officer's compensation shall be fixed and known—that he shall have that and no more—that the amount of his pay shall not depend upon a decision to be made upon a *quantum meruit* claim.

We do not think the constitution has left the matter of the compensation of county officers the subject of such uncertainty as above, but that it has fixed a mode for the estab-

lishment by law of the amount of their compensation; that it has appointed a tribunal for that purpose, namely, the county board, by ordaining that " the county board * * * shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel, and other expenses." When the county board has thus fixed an officer's compensation, we conceive that that is all to which he is entitled. It has been fixed by the authority which the constitution has appointed to fix it. Although it is the amount of their *necessary* clerk hire, etc., which the county board is to fix, it is for the board to decide what amount is necessary. It is the amount necessary which they are to fix, and it is their duty to allow all that is necessary. Still, they are to fix the amount which is necessary, and of necessity are to determine what is necessary. And when they have acted and fixed what in their judgment is the necessary amount for clerk hire, etc., we do not see that under the constitution there is any other power which has authority to increase it. The power of fixing the amount of necessary clerk hire, etc., is devolved by the constitution on the county board, as a fair and impartial tribunal, and it is to be supposed that they will perform the duty in good faith, as it rests upon them, under the constitution. Should it be found at any time that the board had committed an error in judgment, and not allowed an amount sufficient for necessary clerk hire, etc., the construction which we have heretofore adopted, that the amount once fixed for necessary clerk hire, etc., when it is fixed separate from the allowance for personal services, is subject to be changed from time to time, during the term of office, as the board may see fit, will enable the board to afford any suitable relief in this regard, and it may be expected that this will be sufficient for the avoidance of any serious injustice being done to officers in any underestimating by the county board of the necessary expenses of their offices.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

DICKEY and MULKEY, JJ., dissenting.