<em>Judgment affirmed.</em>

COUNTY OF SCHUYLER

v.

MARK BOGUE.

*Municipal Corporations—County Clerk—Receipts of—Balance Due— Recovery by County—Clerk Hire—Set-Off.*

1. In an action brought by a county to recover from its clerk money claimed to have been received by him to its use, the same having been spent by him in the employment of clerks in and about the business of his office, this court holds that such expenditure was warranted by the statute, and that the judgment allowing the same as a set-off to the claim in the case presented can not be complained of.

2. While the clerk should have reported the receipt of the amount in

County of Schuyler v. Bogue.

question and his expenditure for clerk hire, and asked their allowance, the failure to do so did not work a forfeiture of his right to be reimbursed.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Schuyler County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. PRENTISS & BAILEY and D. H. GLASS, for appellant.

Messrs. W. L. VANDEVENTER and S. B. MONTGOMERY, for appellee.

PLEASANTS, P. J. The question here is upon the right of the county clerk to an allowance for money paid by him for clerk hire, under the circumstances shown. There were no formal pleadings, and the case was submitted upon an agreement as to most of the facts and unquestioned testimony as to the rest.

Appellee held that office in Schuyler County from December, 1877, to December, 1887, upon a salary, first, of $1,200, and then of $1,500 per annum, payable out of fees collected. During this period he reported to the county board and paid into the county treasury, as receipts in excess of his salary and the office expenses stated, the sum of $8,519.70, but did not pay over or report an amount of $2,865.06, which he admits he also received, and the county now claims, but which he seeks to offset by payments for necessary clerk hire also not reported. It was proved and is not denied that he actually paid at least that amount on that account, and that the expenditure was necessary. Should he be allowed for it?

The constitution requires that "the county board * * * shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses," and then immediately declares that "in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected," implying a distinct liability of the county for the "expenses" mentioned, whether the fees actually col-

lected are or are not sufficient to meet them. Art. 10, Sec. 10. The statute also implies it, by the requirement that he shall "keep an account of all expenditures made by him on account of clerk hire"—which it would hardly do if it were an expense of his own and not of the county. Chap. 51, Sec. 53, R. S. So also do the courts. Daggett v. Ford County, 99 Ill. 334; Briscoe v. Clark County, 95 Ill. 309.

But the county board of Schuyler never did fix the amount of appellee's necessary clerk hire. Their orders fixed the "compensation" for his own services only, by the terms "for salary," without an intimation that it was intended to include any "expenses" of the office; and that was first fixed at its meeting in September, before he was elected, and when he had no interest or occasion to see that they fixed the amount of expenses also.

It is true he ought to have reported the receipt of the amount here in question and his expenditures for clerk hire, and asked their allowance, but neither the statute nor equity makes that omission of duty work a forfeiture of his right to be reimbursed. The proceeding of the county here is in the nature of an action for money had and received by appellee to its use, in which it should recover only what it is shown to be equitably entitled to. That he actually paid the amount so claimed for the county, and that the services for which he paid it were necessary, and the amount paid for them was not unreasonable, are undisputed facts. There is no ground for a presumption that for the annual salary of $1,200 he accepted this office with the burden of its necessary expenses, nor do we see any actual injury to the county by his failure to report this item to them and his receipt of the money he paid on account of it. How could there be if the expenditure was unavoidable and the amount reasonable?

The Circuit Court allowed the set-off and we think it was right.

                                   *Judgment affirmed.*