[No. 18249.   Department Two.—September 17, 1894.]

## MARK WALSER, Appellant, v. R. H. AUSTIN, Auditor of Fresno County, Respondent.

Public Officers—County of Eighth Class—Assistant District Attorney—County Government Act—Constitutional Law.—Subdivision 21 of section 170 of the County Government Act, approved March 31, 1891, purporting to authorize the district attorneys of counties of the eighth class to appoint an assistant district attorney at a salary of two thousand four hundred dollars a year, to be paid by the county, is local and special legislation, and in conflict with section 5 of article XI of the constitution, which directs that the legislature, by general and uniform laws, shall provide for the election or appointment in the several counties of such county, township, and municipal officers "as public convenience may require, and shall prescribe their duties and fix their terms of office."

APPEAL from an order of the Superior Court of Fresno County granting the defendant a new trial, and from a subsequent judgment entered in favor of the defendant.

On the third day of January, 1893, Firman Church, the district attorney of Fresno county, elected at the general election in 1892, appointed the plaintiff the assistant district attorney, at a salary of two thousand four hundred dollars a year. The plaintiff immediately qualified and entered upon the duties of his office. On the 3d of February, 1893, the plaintiff demanded of the defendant, as auditor of Fresno county, that he issue a warrant to him in payment of his previous month's salary. This the defendant refused to do. The plaintiff thereupon brought this proceeding for a writ of mandate to compel the issuance of the warrant. On the 1st of May, 1893, judgment was rendered therein in favor of the plaintiff. The trial court subsequently granted the defendant a new trial, and on the 14th of June, 1893, rendered judgment in favor of the defendant. From this order and judgment the plaintiff appeals. Under the classification of counties made by the legislature in the County Government Act, approved

March 31, 1891, Fresno county became a county of the eighth class, and by section 170 of that act the compensation of the district attorney was fixed at three thousand six hundred dollars a year. The legislature, however, incorporated into this section of the act the following subdivisions:

" 21. The district attorney may appoint an assistant district attorney . . . . at a salary of two thousand four hundred dollars per annum" . . . .

" 22. All the provisions herein relating to counties of this class shall take effect from and after the date of the approval of this act, and the compensation of all assistants, deputies, and clerks shall be paid by the county in the same manner in which the salaries of county officers are now paid."

The further facts are stated in the opinion of the court.

*C. C. Merriam,* for Appellant.

Subdivision 21 of the County Government Act of 1891 is equivalent in effect to adding the sum appropriated to the salary of the district attorney and requiring him to pay his deputies out of his salary. (*Dougherty* v. *Austin,* 94 Cal. 601.) It is not discretionary with the district attorney whether the office of assistant district attorney shall be filled. By passing the statute and providing the compensation the legislature has said that the public interest calls for the exercise of the power of appointment. Hence the word "may" in subdivision 21 is to be understood as "shall," and so construed the act is not unconstitutional. (See Endlich on Interpretation of Statutes, secs. 306, 310; *Hayes* v. *Los Angeles County,* 99 Cal. 74; *Napa Valley R. R. Co.* v. *Napa County,* 30 Cal. 435; *Mason* v. *Fearson,* 9 How. 248.)

*Sayle & Coldwell,* for Respondent.

DE HAVEN, J.—It was held in the case of *Welsh* v. *Bramlet,* 98 Cal. 219, that subdivision 21 of section 170

of the County Government Act, approved March 31, 1891 (Stats. 1891, p. 295), contains local and special legislation, and is in conflict with section 5 of article XI of the constitution of the state, which directs that the legislature by general and uniform laws shall provide for the election or appointment in the several counties of such county, township, and municipal officers "as public convenience may require, and shall prescribe their duties and fix their terms of office." We can add nothing to the reasoning by which that conclusion was reached, and upon the authority of that case the judgment and order herein must be affirmed.

Judgment and order affirmed.

FITZGERALD, J., concurred.

McFARLAND, J.—I concur in the judgment solely upon the authority of *Welsh* v. *Bramlet*, 98 Cal. 219, and *Dougherty* v. *Austin*, 94 Cal. 601, in which cases I could not concur.