MATTIE A. FARNUM, APPELLANT, v. E. L. WARNER,
RÉSPONDENT.

COUNTY GOVERNMENT ACT—SALARY OF AUDITOR'S CLERK.—Section 182 of
the County Government Act allows to the auditor of counties of the
twentieth class, in addition to his salary, one clerk at a monthly salary
fixed by that section, and does not require the auditor to pay the salary
allowed by the statute for the clerk out of his own salary; but if he
employs more than the one clerk allowed, or pays a higher salary than
that allowed, he must pay the same out of the salary allowed to him.

ID.—CONSTITUTIONAL LAW.—The fourth subdivision of section 182 of the
County Government Act regulates the salary of the auditor in a manner
not objectionable upon any constitutional ground.

ID.—LOCAL AND SPECIAL LEGISLATION.—The regulation of the compensa-
tion of the auditor and his clerk, applying uniformly to all counties of
the twentieth class, is not open to the objection that it is local or special
legislation.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County.

The facts are stated in the opinion.

*Knight & Heggerty*, for Appellant.

*Venable & Goodchild*, for Respondent.

VANCLIEF, C.—This a proceeding by writ of mandate
to compel the defendant, as treasurer of San Luis Obispo
county, to pay an auditor's warrant in favor of plaintiff
for fifty dollars, alleged to be her salary as clerk of the
auditor of said county for the month of July, 1893.

The court sustained a general demurrer to the peti-
tion, and dismissed the proceeding; and whether or not
the court erred in sustaining the demurrer is the only
question involved in this appeal.

C. A. Farnum was elected auditor of said county in
November, 1892, and on January 10, 1893, after having
qualified and entered upon the duties of that office,
appointed and employed the plaintiff as his official clerk,
at a salary of fifty dollars per month, which salary was
paid by the treasurer, upon warrants of the auditor, for

the first five months after her appointment; but payment of her warrant for July, 1893, was refused.

Section 182 of the County Government Act, as re-enacted March 31, 1891, provides: "In counties of the twentieth class the officers shall receive, as compensation for the services required of them by law or by virtue of their office, or .as *ex officio* officers, the following salaries, to wit: 1. County clerk, . . . . 2. Sheriff, . . . . 3. Recorder, . . . . 4. Auditor, eighteen hundred dollars per annum, and one clerk at a monthly salary of not exceeding fifty dollars" (Stats. 1891, p. 374); and the county of San Luis Obispo belongs to the twentieth class.

This, though not so explicit as it might have been, means that the salary of the auditor is to be eighteen hundred dollars per annum, plus the salary of one clerk, employed by the auditor, not exceeding fifty dollars per month. It does not compel the auditor to employ a clerk, but permits him to do so, limiting the salary, however, to fifty dollars per month. So understood, the fourth subdivision of the section *regulates* the salary of the auditor in a manner not objectionable upon any constitutional ground, whatever may be said of its wisdom or policy; and it admits of no other rational construction than that above given. The auditor needed no express authority to employ a mere clerk; and if such authority had been requisite it was clearly implied in section 61 of the same act (Stats., 1891, p. 314), which authorizes the auditor to appoint deputies (whose services may be merely clerical); and the petition shows that plaintiff was appointed and qualified in the manner prescribed by said section 61 for the appointment of deputies. It is, therefore, clear that it was not the intention of the legislature merely to authorize the employment of a clerk to be paid by the auditor from a salary of eighteen hundred dollars. The language of the statute clearly expresses the intention to add something to the salary of eighteen hundred dollars. What was intended to be thus added? To say that

merely a clerk was intended to be added to a specific salary would be nonsense, if not absurd. But to say that the salary of one clerk, not exceeding fifty dollars per month, was intended to be added to eighteen hundred dollars would be both sensible and rational. The evident reason why the legislature did not fix the salary of the auditor at a specified or lump sum, out of which he must pay his clerk or deputy, was that it could not be foreseen whether or not the auditor would appoint a clerk or deputy, nor whether he would pay a salary of fifty dollars or less. Yet the compensation of the auditor is so regulated that in no event can he receive for his services more than the net sum of eighteen hundred dollars per annum; and, if he employ more assistants than one clerk, he must pay them out of the eighteen hundred dollars per aunum allowed him. Such a regulation of the compensation of a county officer is complete obedience to the behest of the constitution in this respect. Nor has it been otherwise decided by this court.

Nor is this regulation of the compensation of the auditor open to the objection that it is local or special legislation, since it applies uniformly to all counties of the twentieth class. (*Welsh* v. *Bramlet*, 98 Cal. 220; *Cody* v. *Murphey*, 89 Cal. 522.)

So much in answer to the arguments of counsel for respondent in support of the demurrer.

I think the court erred in sustaining the demurrer, and that for this reason the judgment should be reversed and cause remanded.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.