[Civ. No. 705.   Second Appellate District.—October 25, 1909.]

## W. R. NEWMAN, Petitioner, v. CAL D. LESTER, Auditor of Orange County, Respondent.

OFFICERS—FIXED COMPENSATION—CHANGE IN EXPENSES OR IN DEPÙTIES
AND PAY DURING TERM—CONSTITUTION NOT VIOLATED.—Where the
statute provides a fixed salary for an officer which is not changed
during his term, and a separate allowance is made for the expenses
of his office or a fixed salary for a certain number of deputies or
clerks, all payable out of the county treasury, an increase of such
separate allowance of expenses, or for deputies, whether in the num-
ber of deputies or the amount paid to each, is not a violation of
the provision in section 9 of article XI of the state constitution that
"The compensation of any county, city, town, or municipal officer
shall not be increased after his election or during his term of office."

ID.—COMPENSATION OF NEW DEPUTY COUNTY ASSESSOR—WRIT OF MAN-
DATE TO AUDITOR.—Where, at the beginning of the term of a county
assessor, the law provided his fixed salary, which remained un-
changed, and for seven field deputies, to serve for four months after
the first Monday in March, in each year, making their salary and ex-
penses payable from the county treasury, and the law was amended
during his term to provide a new eighth deputy assessor, to serve
for the entire year, at a fixed monthly salary, to be paid out of the
county treasury, and the county auditor refused to draw his warrant
therefor, the writ of mandate will lie to compel him to draw the
same.

APPLICATION for writ of mandate to the county auditor
of Orange County.

The facts are stated in the opinion of the court.

Williams & Rutan, for Petitioner.

S. M. Davis, District Attorney of Orange County, and J.
D. Fredericks, District Attorney of Los Angeles County,
*Amicus Curiae,* for Respondent.

THE COURT.—Application for writ of mandate to com-
pel respondent, as auditor of Orange county, to issue to plain-
tiff a warrant for $100, claimed to be due him as salary as
deputy county assessor for the month of May, 1909.

In the classification of counties made by section 4006 of the Political Code in 1907, Orange county is a county of the fifteenth class, and by section 4244, as enacted in that year, the provision relating to salaries for the assessor's office was as follows: "8. The assessor, thirty-five hundred dollars per annum; provided, that in counties of this class there shall be seven field deputy assessors, who shall be appointed by the assessor of said county, and who shall hold office from 12 o'clock meridian from the first Monday in March of each year up to 12 o'clock meridian of the first Monday of July of each year; the salaries of each of said seven deputy assessors herein provided for is fixed at the sum of one hundred dollars per month, to include horse hire and traveling expenses for each month during which they hold office as herein provided, which said salaries shall be paid by said county at the same time and in the same manner and out of the same fund as the salary of the assessor; provided, that all commissions shall be paid into the county treasury." This section, so far as it affects the matter before us, was but a re-enactment of section 172 of the County Government Act as amended in 1905 (Stats. 1905, p. 430).

In 1909 this provision of section 4244 was amended by changing the number of deputies from "seven" to "eight," and further providing: "One of said deputy assessors shall hold office for twelve months of each year, at a salary of one hundred dollars per month, whose duty shall be to keep an account of all transfers of property in said county during the year, and to assist in the assessment of property." This amendatory act was made to take effect immediately (Stats. 1909, p. 730), and petitioner was appointed by the assessor of Orange county as the deputy so provided for, and demanded a warrant for his salary for the month of May, 1909, as such deputy, and his demand was refused by respondent.

In support of his refusal, respondent contends that the payment of the demand would be a violation of section 9 of article XI of the constitution, being an increase of compensation of the county assessor during his term of office. That the term of office for which the assessor was elected began January 7, 1907, and that the salaries and compensation for all official services rendered by that office are fixed and determined by the County Government Act as amended in 1905, and cannot be increased until the expiration of the four years

for which the county assessor was elected. Petitioner meets this contention with two arguments: First, that the allowance for the additional deputy does not increase the compensation of the assessor, because his salary remains the same ($3,600); and, second, that it cannot be contended that the work to be done by the assessor is reduced as the statute provides other and additional services to be performed by the deputy created by the act of 1909 which are not necessarily within the general duties provided to be performed by the assessor. The brief of the *amicus curiae* presents chiefly an argument *ab inconvenienti,* etc., to support the position of petitioner; all parties agreeing that the exact question has never been directly passed upon by any of the appellate courts of the state.

The argument based upon the disastrous results which would follow a holding that the law was unconstitutional appears to be fully answered in the concurring opinion of Beatty, C. J., in case of *Dougherty* v. *Austin,* 94 Cal. 607, [29 Pac. 1094], and we do not think much stress can be laid upon the contention that the provision for the additional deputy in effect created a new office with new duties. It is clear that the petitioner's right to any compensation must be determined upon the theory that he is a deputy in the assessor's office doing the work of the assessor. County offices are not created by special act fixing a salary for them, but by a general law enumerating the offices so designated. (*Pratt* v. *Browne,* 135 Cal. 649, [67 Pac. 1082].)

The concurring opinion of Chief Justice Beatty, above referred to, approves a distinction drawn by the supreme court of Illinois in *Daggett* v. *Ford Co.,* 99 Ill. 334, between the rule applicable to statutes in which the principal in the office is allowed a lump sum to cover his own compensation and his expenses for clerk hire or deputies, and that applied to statutes by which the officer is allowed a certain amount for his personal compensation and a certain amount for the expenses of his office. Under a constitutional provision that the compensation of no officer shall be increased or diminished during his term of office, it was held that where the ''lump sum'' system existed, to increase or diminish the allowance during the term would be a violation of the constitutional provision, while under the other system an increase of the allowance of the amount for expenses would not. Or, as said by Chief Justice Beatty, ''In other words, the supreme court

recognized this distinction between the allowance for compensation and for clerk hire, etc., when separately fixed—that the latter could, but the former could not, be increased or diminished during the officer's term." Holding to this view, the chief justice concurred in the decision in *Dougherty* v. *Austin,* from which, as well as the other mention of the statute then before the court, we conclude that the provision as to Marin county in the County Government Act of 1887 placed it among those counties as to the officers of which a lump-sum allowance was made.

The distinction so adopted by the chief justice is not made a part of the leading opinion in bank, or the department opinion, which is approved by the court in bank in the Dougherty-Austin case, but it is reasserted in *Tulare County* v. *May,* 118 Cal. 303, 308, [50 Pac. 427, 429], and the constitutionality of an act containing both methods of compensation is declared. It is said in this case: "There are two rules for the compensation of deputies in the different counties of the state. In most of the classes a lump sum is allowed to the principal, out of which he is required to pay his deputies; in a smaller number of classes—including the eleventh—the principal is allowed a fixed salary, and certain deputies are allowed fixed salaries"; in both cases the salaries are to be paid out of the county treasury. The exercise of the legislative power in so classifying the counties in this manner for the purpose of fixing the compensation of county officers is declared to be constitutional, because "under either rule a compensation proportionate to duties may be secured."

In the case of *Tulare County* v. *May* it was held that where there was a provision in the statute for the appointment by a county officer of a clerk or deputy at a fixed salary upon the happening of a specified contingency, and the officer appointed such deputy upon the happening of the contingency, which was after the commencement of the term of office of the principal, this was not an increase of compensation of such officer in violation of section 9 of article XI of the constitution. The court reviewed the opinions in *Welsh* v. *Bramlet,* 98 Cal. 220, [33 Pac. 66], and *Walser* v. *Austin,* 104 Cal. 128, [37 Pac. 869], and says the latter rests upon the former, and declares that the portion of the former opinion in conflict with the views expressed in the *Tulare County* v. *May* opinion was not necessary to the decision in the *Welsh* v. *Bramlet* case. The de-

cision in *Farnum* v. *Warner,* 104 Cal. 677, [38 Pac. 421], which is distinguished from that in *Welsh* v. *Bramlet,* is accepted as authority. The reasoning in the Welsh-Bramlet opinion, which is distinguished and disapproved, related to a clause in the County Government Act of 1891 by which the district attorneys in counties of the twenty-sixth class were permitted to appoint an assistant and a deputy, for each of whom the act provided a fixed salary. It was held that such a provision was violative of the constitutional prohibition against special legislation, and also of section 9 of article XI. We are of opinion that its weight as authority upon the point last mentioned is destroyed by the opinion in *Tulare County* v. *May,* and that the effect of the foregoing decisions and opinions is to adopt the distinction drawn by the Illinois supreme court as the rule of construction in this state. That is to say, that, where the statute provides a fixed salary for the officer and a separate allowance for expenses of his office (*Kirkwood* v. *Soto,* 87 Cal. 394, [25 Pac. 488]) ; or a fixed salary for the officer and a fixed salary for a certain number of deputies or clerks, all payable out of the county treasury, an increase of such separate allowance for expenses or for deputies, whether in the number of deputies or the amount paid to each, is not a violation of the constitutional provision that ''The compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office.'' (Const., sec. 9, art. XI.)

The petitioner in this application comes within the rule stated, and is entitled to the salary claimed by him. It is therefore ordered that a writ of mandate issue in accordance with the prayer of the petition.