[Civ. No. 731.   First Appellate District.—February 4, 1910.]

PAULINE E. HANSON, Petitioner, v. W. H. UNDERHILL, as Auditor of San Mateo County, etc., Respondent.

MANDAMUS—IMPROPER INCREASE OF COMPENSATION OF COUNTY OFFICER —PAYMENT OF DEPUTIES OUT OF SALARY—CHARGE UPON TREASURY.— *Mandamus* will not lie to compel the payment of deputies from the county treasury, where the law at the beginning of the term of a county officer required him to pay his deputies and assistants out of his salary.   A law passed during his term providing for the payment of the expenses of his deputies from the county treasury is invalid, as attempting to effect an improper increase of the compensation of such officer during his term.

ID.—CONSTITUTIONAL LAW—INCREASE OF SALARY OF DEPUTIES—LUMP SUM FOR COMPENSATION AND EXPENSES.—Although where the compensation of deputies is fixed by law, at the beginning of an officer's term, a law increasing the compensation of such deputies during the term of the officer does not affect his compensation, and is not unconstitutional; yet, where, at the beginning of his term, the statute allows him a lump sum to cover his compensation and all expenses, such sum cannot be constitutionally increased during his term of office.

ID.—INDIRECT INCREASE NOT ALLOWED.—Where a salary cannot be increased directly during the term of a county officer, it cannot be increased indirectly by reducing the expenses with which he is chargeable, and making them a charge upon the county treasury. No matter what such increase is called, it is in effect an increase in compensation.   The residue after the payment of all expenses of

12 Cal. App.—35

deputies and assistants was his compensation; and such residue cannot be enlarged during his term.

APPLICATION for writ of mandate to the auditor of San Mateo County.

The facts are stated in the opinion of the court.

A. Kincaid, for Petitioner.

J. J. Bullock, for Respondent.

COOPER, P. J.—This is an application for a writ of mandate to compel the defendant, as auditor of San Mateo county, to draw a warrant upon the county treasurer for the payment of $66.66, claimed to be due petitioner as salary as deputy recorder of said county for the month of September, 1909. A demurrer has been interposed to the petition; and at the argument it was conceded that the facts stated in the petition are true, and that the question for determination is a question of law as to whether or not the petition states facts sufficient to entitle petitioner to any relief.

It appears that at the November election in 1906, one J. F. Johnston was elected recorder of the county of San Mateo, and duly qualified as such. His term of office commenced on the first Monday after the first day of January, 1907. At the time he was elected, and when his term began, the law fixed his salary at $3,500 per annum, and in effect provided that such salary should be in full compensation for all services of every kind and description rendered by him, and that all deputies employed should be paid by him out of his salary (County Government Act 1905, sec. 215, [Stats. 1905, p. 582] ; Pol. Code, sec. 4290). At the session of the legislature held in 1907, section 4261 of the Political Code was amended as to counties of the thirty-second class (San Mateo), by which it was provided as follows: "In counties of the thirty-second class the county officers shall receive as compensation for the services required of them by law or by virtue of their office the following salaries, to wit: . . . 3. The Recorder, $3,500 per annum, and said recorder may appoint two deputy recorders, which offices are hereby created, who shall receive a salary of $800 per annum. The deputies

herein provided for shall be paid at the same time and in
the same manner and out of the same fund as the Recorder
is paid.''

After the said section was so amended, and after it had
gone into effect in May, 1909, the petitioner was duly ap-
pointed by Johnston deputy recorder of said county of San
Mateo, and took the proper oath and qualified as such deputy
recorder.

The constitution of the state, at the time said Johnston
was so elected recorder, provided and ever since has pro-
vided as follows: ''The compensation of any county, city,
town or municipal officer shall not be increased after his
election or during his term of office.'' The question then
arises as to whether or not the amendment of 1909 to section
4261 of the Political Code increased the compensation of the
county recorder of San Mateo county. When he was elected
his compensation was $3,500, out of which he was required to
pay all his deputies and assistants as we have before stated,
and of course the net sum he received as compensation was
the remainder of the $3,500 after so paying his deputies or
other assistants. The law then made no provision for paying
any deputy or assistant; and hence if the said recorder had
been compelled to employ two deputies at a salary of $800
per year each his net compensation would have been $1,900.
Now, if the legislature had added $1,600 to the $3,500, thus
making his salary $5,100, after his election and during his
term of office, there would be no question but that such addi-
tional compensation would be within the plain prohibition of
the constitution. The legislature could not, by a plain direct
act, in terms increase his salary, and this is so evident that
even a layman would so declare. If such salary could not be
increased directly it could not be increased indirectly; and no
matter what it is called it is in effect an increase in compen-
sation. It is as much an increase of compensation to allow
to the recorder $1,600 with which to pay his deputies as it
would be if he had been allowed $1,600 with which to pay his
house rent or with which to purchase groceries. The case is
the same in principle as *Daugherty* v. *Austin,* 94 Cal. 601,
[28 Pac. 834, 29 Pac. 1092], where it was held that an order
of the board of supervisors of Marin county, allowing the
county clerk a deputy at a salary of $50 a month, where no

deputy had been allowed before, was in effect an increase in compensation and void. It was there said by the chief justice: "The sum allowed to any given officer being a lump sum, out of which he must pay for the services of all deputies and assistants necessary for the prompt and faithful discharge of all the duties of the office, it is evident that his own compensation consists of the residue remaining after the payment of such deputies and assistants; and it is equally evident that just so far as the county assumes the payment of such deputies and assistants, such residue is enlarged and the compensation increased."

The above case has not been overruled, but on the contrary has been followed in all subsequent decisions to which our attention has been called (*Agard* v. *Shaffer*, 141 Cal. 725, [75 Pac. 343]; *Humiston* v. *Shaffer*, 145 Cal. 195, [78 Pac. 651]). There are cases holding that where the statute provides a fixed salary for the officer, and a fixed salary for a certain number of deputies, all payable out of the county treasury, an increase in the salary of such deputies, or a provision for extra deputies, is not within the prohibition of the constitution for the reason that in such case the state has undertaken to pay the salary of the officer, and in addition to pay the expenses of running the office, such as clerk hire, deputies and so forth (*Newman* v. *Lester*, 11 Cal. App. 577, [105 Pac. 785]; *Tulare Co.* v. *May*, 118 Cal. 303, [50 Pac. 427]; *Harrold* v. *Barnum*, 8 Cal. App. 21, [96 Pac. 104]). In the latter case the rule laid down in *Daggett* v. *Ford County*, 99 Ill. 334, is adopted, where it was held that if the statute allowed a fixed compensation as salary to the officer, and a further sum to cover the clerk hire and expenses of the office, if it was found that the sum so allowed was insufficient, such allowance might be increased; or, in other words, that the allowance for expense of clerk hire or deputies might be increased. But we have not been referred to any case that holds that where a lump sum is allowed to cover compensation and expenses, such sum can be increased.

It follows that the demurrer must be sustained, and the writ discharged.

Kerrigan, J., and Hall, J., concurred.