[Civ. No. 1133.  Second Appellate District.—September 21, 1912.]

IRONA ELDER, Respondent, v. W. D. GAREY, as County
Auditor of the County of Imperial, State of California,
Appellant.

COUNTY CLERK—INCREASE OF COMPENSATION—PROVISION FOR SALARIED
DEPUTY.—Where at the time of the election of a county clerk of
Imperial county, while it was a county of the thirty-sixth class,
his compensation was fixed at $2,200 per annum, which, as provided
by section 4290 of the Political Code, was made full compensation
for services rendered by him, his deputies and assistants, and during
his incumbency the county was changed to the thirty-sixth and one-
half class, and the compensation of the county clerk was fixed at
$2,400 per annum, and a deputy was provided for at a salary of
$900 per annum, not before provided for, and the incumbent county
appointed such a deputy at the salary stated, it is held that the
provision therefor constituted an increase of the compensation of
the incumbent, prohibited by section 9 of article XI of the con-
stitution.

ID.—DISTINCTION BETWEEN ADDITIONAL DEPUTY AND NEW DEPUTY.—
Although, where an officer at the beginning of his term is allowed
salaried deputies payable out of the county treasury, the provision
for an additional deputy so payable does not constitute an increase
in the salary of the office, yet where, as in this case, all deputies
or assistants are to be paid out of the incumbent's salary, a pro-
vision for a new deputy to be paid out of the county treasury con-
stitutes a forbidden increase in the salary of the incumbent.  This
distinction must be regarded as settled law.

ID.—IMPROPER MANDATE FOR SALARY OF NEW DEPUTY.—Where the court
below improperly overruled a demurrer to the petition of the deputy,
improperly appointed by the incumbent, for a writ of mandate to
enforce the payment of the salary of such deputy in the sum of
$1,445 out of the county treasury, and ordered the auditor appel-
lant to draw his warrant therefor, and granted a peremptory writ,
it is held that the judgment must be reversed, with direction to
the trial court to sustain the demurrer to the petition.

APPEAL from an order and judgment of the Superior
Court of Imperial County.  Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Phil D. Swing, District Attorney, for County Auditor, Ap-
pellant.

J. Stewart Ross, and Shaw, Ross & Van Dyke, for Respondent.

SHAW, J.—Plaintiff filed a petition in the superior court of Imperial county praying for a writ of mandate to compel the auditor of said county to draw a warrant in her favor for $1,445, covering salary alleged to be due her as deputy county clerk of Imperial county for the months of June, 1909, to December, 1910, inclusive. A demurrer interposed by defendant was overruled and a peremptory writ ordered issued as prayed for. From this order and judgment defendant appeals.

It appears that one D. S. Elder was elected county clerk of Imperial county for a term commencing in August, 1907, and expiring January 2, 1911. At the time of his election Imperial county was a county of the thirty-sixth class and the compensation of the county clerk of such counties was fixed at $2,200 per annum, which sum, as provided by section 4290 of the Political Code, was declared to be in full compensation for services rendered by such officer, his deputies and assistants. By act of the legislature of 1909, Imperial county was declared to be a county of the thirty-sixth and one-half class, and by section 4265a, Political Code, the compensation of the clerks of such counties was fixed as follows: "Two thousand four hundred dollars per annum; also one deputy, who shall receive a salary of nine hundred dollars per annum." Under and by virtue of this provision the said clerk, on May 24, 1909, appointed petitioner as deputy clerk and the amount claimed by her is for salary as such official. Section 9 of article XI of the constitution provides that "the compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office." The question presented, therefore, is whether or not the act providing for a deputy constituted an increase of salary within the meaning of the constitutional provision just cited. We do not regard the question as an open one in this state, and, hence, no good purpose could be subserved by an extended discussion of the matter. At the time Elder was elected for the term expiring in January, 1911, the law prescribed his duties and fixed his compensation for services, the performance of which under his oath he assumed, at the lump

sum of $2,200 per annum, out of which sum, under section 4290, Political Code, he was required to pay all deputies and assistants whom he might at his option employ. It was held by this court in the case of *Newman* v. *Lester,* 11 Cal. App. 577, [105 Pac. 785], following *Daggett* v. *Ford Co.,* 99 Ill. 334, *Dougherty* v. *Austin,* 94 Cal. 607, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092], and *Tulare Co.* v. *May,* 118 Cal. 303, [50 Pac. 427], that where the statute at the time of his election provided a fixed salary for the officer and authorized the appointment of a certain number of deputies, whose salaries were also fixed, and all payable out of the county treasury, an act adopted during the term of such officer increasing the number of his deputies whose salaries were thereby fixed, did not constitute an increase in the salary of such official. These cases, particularly *Daggett* v. *Ford Co.* and *Dougherty* v. *Austin,* together with *Hanson* v. *Underhill,* 12 Cal. App. 545, [107 Pac. 1016], are authority for holding that where the compensation of an officer at the time of his election is fixed at a lump sum, there being no provision for the appointment of deputies, then the allowance of a deputy during such term constitutes an increase of salary, and, hence, is obnoxious to the provisions of section 9, article XI, of the constitution. While the logic and reasoning upon which this distinction is based may not appeal strongly to the writer, nevertheless, such distinction has been repeatedly made and must be regarded as settled law.

The judgment appealed from is reversed and the trial court directed to sustain the demurrer interposed by defendant to the petition.

Allen, P. J., and James, J., concurred.