[Sac. No. 2090.    Department Two.—March 27, 1914.]

## COUNTY OF CALAVERAS (a Municipal Corporation), Respondent, v. ADAM W. POE et al., Appellants.

County Recorder—Increase of Compensation During Term—Employment of Copyist.—The appointment by the recorder of the county of Calaveras of a copyist to assist him in his official duties, and the payment of his salary out of the county treasury as provided by section 4262 of the Political Code as amended in 1907, violates section 9 of article XI of the constitution prohibiting the increase of the compensation of a county officer during his term of office, where at the time of the election of the recorder the statute provided that the compensation fixed therein should be in full compensation for his services and those of any deputies or assistants.

Id.—Money Illegally Paid by Officer—Right of County to Recover. The county may maintain an action against the recorder to recover moneys paid, upon warrants approved in good faith by the auditor, to such copyist for his services; the recorder holding the consolidated offices of county clerk, county auditor, and county recorder.

APPEAL from a judgment of the Superior Court of Calaveras County.   A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

Snyder & Snyder, for Appellants.

John Hancock, District Attorney, for Respondent.

MELVIN, J.—Defendants appeal from the judgment.

This case was decided upon an agreed statement of facts. Adam W. Poe was duly elected to the consolidated offices of county clerk, county auditor, and county recorder of Calaveras County, a county of the thirty-third class, for the term beginning January 7, 1907. At that time his salary as recorder was fixed by statute at one thousand five hundred dollars per annum (Stats. 1903, p. 241), and the "County Government Act" also contained the following provision: "The salaries and fees provided for in this act shall be in full compensation for all services of every kind and description rendered by the officers herein named either as officers or ex-officio officers, their deputies and assistants, unless in this act otherwise pro-

vided, and all deputies employed shall be paid by their principals out of the salaries hereinbcfore provided, unless in this act otherwise provided.'' (Stats. 1905, p. 582.) Subsequently section 4262 of the Political Code was amended with reference to counties of the thirty-third class to read as follows: ''The county officers shall receive as compensation for the services required of them by law or by virtue of their office, the following salaries, to wit: . . . The recorder, one thousand five hundred dollars per annum. In counties of this class the recorder may appoint a copyist for service in his office, which office of copyist for the county recorder is hereby created, and said copyist shall receive as compensation for his services the sum of nine hundred dollars per annum, to be paid out of the county treasury in equal monthly installments in the same manner and at the same time as other county officers are paid.'' (Stats. 1907, p. 507.)

Thereafter, on April 1, 1907, Adam W. Poe appointed J. A. Smith copyist under the provisions of said section 4262 of the Political Code as amended in 1907 and the said Poe continued, as auditor from May 6, 1907, to March 7, 1910, to draw warrants for the monthly salary of said Smith as copyist. These warrants were duly paid by the county treasurer. This action was one by the county for the repayment of the moneys thus expended upon the theory that the auditor was without authority to order the payment of Smith's salary. The amount demanded was $2,625.00, but the court found that the payments made in May and June, 1907, were barred by the provisions of subdivision 1 of section 338 of the Code of Civil Procedure. Judgment was given against Poe for $2,475.00 and against the other defendants, who were the sureties on his official bond, but as they had become such sureties on April 24, 1909, their joint and several liability upon such judgment was found by the court to be eight hundred and twenty-five dollars.

The trial court held that the creation of the office of copyist and the provision for the payment of such official violated the provision of the state constitution prohibiting the increase of the compensation of a county officer during his term of office. (Const., art. XI, sec. 9.) This was in accord with the decisions. It is fixed and settled law in this state that where at the beginning of an officer's term the statute allows him

a gross sum to cover his compensation and all the expenses of his office, such emolument may not be directly increased by a statute allowing a larger sum nor indirectly by the creation of the office of a deputy to be paid by the county. (*Dougherty* v. *Austin,* 94 Cal. 603, [16 L. R. A. 161, 29 Pac. 1092]; *Humiston* v. *Shaffer,* 145 Cal. 195, [78 Pac. 651]; *Elder* v. *Garey,* 19 Cal. App. 776, [127 Pac. 826]; *Hanson* v. *Underhill,* 12 Cal. App. 546, [107 Pac. 1016; *Applestill* v. *Gary,* 18 Cal. App. 387, [123 Pac. 228].)

Where the statute provides a fixed salary for an officer and fixed salaries for deputies, all payable out of the county treasury, a subsequent law increasing the compensation of the deputies or their number will take effect at once. (*Tulare County* v. *May,* 118 Cal. 304, [50 Pac. 427]; *Newman* v. *Lester,* 11 Cal. App. 577, [105 Pac. 785].) The facts of this case, however, do not bring it within the exception announced by the cases last cited. Indeed, the attempted creation of the office of copyist was exactly similar to the effort to provide additional deputies which the court considered in *Hanson* v. *Underhill,* 12 Cal. App. 546, [107 Pac. 1016]. Calling the assistant "copyist" did not in any way change the rule. We are therefore forced to the conclusion, under the authorities, that the allowance of the claims of Smith as copyist was without authority.

Appellant contends that there is no statutory provision for the recovery of money paid upon the warrants approved in good faith by an auditor. He denies that any such authority arose under section 4005b of the Political Code because that section authorizes the district attorney to institute suit against the person or persons in whose favor the warrant or warrants not authorized by law shall have been drawn, when such persons shall have received the money. It may be forcibly argued that section 4005b of the Political Code does apply to defendant Poe because in contemplation of law the money paid to his copyist was an increase of his compensation and therefore might be regarded as a payment to him. The section cited is not, however, the only statute which the plaintiff might invoke to sustain this action. The office of auditor is created by statute. The duty of the defendant as auditor was to refuse to sanction any illegal claim against the county. His official obligations were fixed by statute (Pol. Code,

sec. 4091 et seq), and he might only issue warrants for debts or demands against the county which were authorized by law to be allowed to some person. Consequently a cause of action for a violation of his statutory duty was upon a liability created by statute within the meaning of subdivision 1, section 338 of the Code of Civil Procedure. (*County of Sonoma* v. *Hall*, 132 Cal. 593, [62 Pac. 257, 312, 65 Pac. 12, 459] ; *Higby* v. *Calaveras County*, 18 Cal. 179 ; *People* v. *Van Ness*, 76 Cal. 124, [18 Pac. 139].)

We have not overlooked the fact that this case presents features of great hardship. In nearly every case involving the same principles, a person appointed under a statute of doubtful constitutionality as applied to the deputies of incumbents, was seeking to compel the county to pay his salary. It is to be regretted that the legality of the appointment by the defendant Poe of a copyist to assist him in his official capacity as recorder was not tested by appropriate proceeding immediately after said appointment was made. Unfortunately such course was not pursued, but the failure to test the question then and the consequent loss to Mr. Poe, who doubtless acted in good faith, does not alter the principles and precedents which were binding upon the learned trial judge and are equally binding upon us.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.