[L. A. No. 7133.   In Bank.—October 10, 1922.]

JOHN F. FORWARD, Jr., et al., Respondents, v. THE
   COUNTY OF SAN DIEGO et al., Appellants.

[1] PUBLIC OFFICERS—ADVISORY BOARD—ASSISTANCE OF ASSESSOR—
INCREASE OF COMPENSATION—CONSTITUTIONAL LAW.—The appoint-
ment by a board of supervisors under the authority of section
4041b of the Political Code of an advisory board to co-operate
with the county assessor in making the annual appraisement of
real property therein for taxation purposes is violative of section 9
of article XI of the constitution as the effect thereof is to increase
the compensation of the assessor after his election and during his
term of office, since the function of the members of such advisory
board, whether they be officers or employees, is to aid the county
assessor in performing the duties which devolve upon him by law.

[2] ID. — UNWARRANTED DELEGATION OF AUTHORITY — CONSTITUTIONAL
LAW.—Section 4041b of the Political Code providing for the ap-
pointment of an advisory board to co-operate with the county as-
sessor in making the annual appraisement of real property
therein for taxation purposes, whenever in the judgment of
the board of supervisors it is deemed to be for the best
interest of the county is violative of section 5 of article
XI of the constitution in that it delegates to the supervisors
the right to determine when the members of the board shall
be appointed, thus allowing the board of supervisors to add to
the compensation of a county officer at its discretion, the allowance
of additional deputies or assistants being an increase of compensa-
tion.

APPEAL from a judgment of the Superior Court of
San Diego County.   Edgar A. Luce, Judge.   Affirmed.

The facts are stated in the opinion of the court.

H. S. Utley and E. S. Lovett for Appellants.

Haines & Haines for Respondents.

Ezra W. Decoto, Frank Mitchell, Jr., and Agnes R.
Polsdorfer, *Amici Curiae.*

1. Provision for compensation · of additional deputy or assistant as
violation of constitutional inhibition of increase of officer's salary dur-
ing term, note, L. R. A. 1918C, 561.

LAWLOR, J.—Plaintiffs, as citizens and taxpayers of the county of San Diego, brought this action against the said county, C. R. Hammond, as auditor of the said county, and George W. Heston, as treasurer of the said county, to have annulled and declared void an order of the board of supervisors of the said county appointing "an advisory board to co-operate with the county assessor of the said county of San Diego in making the annual appraisement of real property therein for taxation purposes" and appointing the three members thereof; to restrain, enjoin and prohibit defendant C. R. Hammond, as auditor of the said county, from drawing warrants for claims presented to the board of supervisors in the month of September, 1921, and allowed by it, or any claims thereafter arising under the order, for compensation and expenses of members of the advisory board; to restrain, enjoin and prohibit defendant George W. Heston, as treasurer of the said county, from paying any such claim; for general relief and for costs. The order was passed by the board of supervisors on June 12, 1921, under the authority of section 4041b of the Political Code, which provides: "Whenever, in the judgment of the board of supervisors of any county, it is deemed to be for the best interest of the county, on account of changes in land values, that there be appointed an advisory board to co-operate with the county assessor in making the annual appraisement of real property therein for taxation purposes, the board of supervisors, by a four-fifths vote, may appoint such advisory board, which shall consist of three members. Before any person thus appointed shall enter upon the duties of his office, he shall take the oath of office and shall execute such bond as the supervisors may prescribe. The members of the advisory board shall be allowed their necessary expenses and each member shall receive a compensation of not to exceed ten dollars per day while actually engaged in the duties of his office. Competent persons may be employed to compile records necessary for determining the true value of land. All claims for compensation and expenses hereunder shall be paid out of the general fund of the county after approval by the board of supervisors." In the order the three members were appointed to serve on the advisory board and pursuant thereto they took the oath of office, furnished bond and pro-

189 Cal.—45

ceeded to exercise the powers and functions of such advisory board. The claims for compensation and expenses above referred to were presented and allowed.

In their complaint plaintiffs alleged there was no warrant of law for the appointment of the members of the advisory board or the creation of the board, that the order of the board of supervisors is in violation of certain sections of the constitution of this state and that the appointments of the members of the advisory board were *ultra vires* the board of supervisors. Defendants interposed a demurrer on the grounds that the complaint did not state facts sufficient to constitute a cause of action or to entitle plaintiffs to relief by injunction or to any equitable relief whatsoever. The demurrer was overruled and, defendants declining to answer, judgment was entered declaring the order of the board of supervisors void and enjoining each of the defendants as prayed in the complaint. From that judgment this appeal is taken.

[1] Counsel for the respective parties have dealt chiefly in their briefs with the question whether or not the members of the boards provided for in section 4041b are county officers or employees, for respondents contend that if they are public officers, the act violates section 4, article XI of the constitution, providing for a uniform system of county governments, and section 5 of article XI, to the effect that the legislature shall provide by general and uniform laws for the election or appointment of county officers. Respondents also insist that the allowance of their claims would, in effect, amount to an increase of the salary of the county assessor, in violation of section 9 of article XI of the constitution. We are of the opinion that this latter contention must be sustained and that it is immaterial in this connection whether the members of the boards are officers or employees. Whichever they are, their function is to aid the county assessor in performing the duties which devolve upon him by law.

At the time of the adoption of section 4041b of the Political Code San Diego County belonged to the seventh class (Pol. Code, secs. 4005c, 4006, since amended, Stats. 1921, p. 2), in which county the assessor was paid a fixed amount for his own salary and allowed deputies at

specified salaries (Pol. Code, sec. 4236), to be paid out of the county treasury (Pol. Code, sec. 4288).

In *Newman* v. *Lester,* 11 Cal. App. 577 [105 Pac. 785], it was held that "where the statute provides a fixed salary for the officer and a separate allowance for expenses of his office (*Kirkwood* v. *Soto,* 87 Cal. 394 [25 Pac. 488]); or a fixed salary for the officer and a fixed salary for a certain number of deputies or clerks, all payable out of the county treasury, an increase of such separate allowance for expenses or for deputies, whether in the number of deputies or the amount paid to each, is not a violation of the constitutional provision that 'the compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office.' (Const., sec. 9, art. XI.)" This decision has been followed in the recent case of *Foucht* v. *Hirni,* 57 Cal. App. 685 [208 Pac. 362], but in neither case was there a petition for a hearing in this court. The doctrine announced in *Newman* v. *Lester, supra,* was referred to in *Elder* v. *Garey,* 19 Cal. App. 775 [127 Pac. 826], and *County of Calaveras* v. *Poe,* 167 Cal. 519 [140 Pac. 23]. This is the first time the precise question has been presented to this court.

In the case of *Newman* v. *Lester, supra,* the court apparently overlooked the fact that the Political Code (sec. 4290) expressly required that the officer should pay all deputies and assistants other than those there mentioned, and that this provision applied to all the counties in the state regardless of whether or not in the Political Code a lump sum was allowed the officer or whether he was allowed a certain number of deputies at a salary fixed in the statute. At the time the case of *Newman* v. *Lester, supra,* was decided, section 4290 of the Political Code provided: "The salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title either as officers or *ex-officio* officers, their deputies and assistants, unless in this title otherwise provided, and all deputies employed shall be paid by their principals out of the salaries provided in this title, unless in this title otherwise provided . . . " Under this section, which so far as hereinabove quoted remains the same, it is obvious that to relieve the officer of the obligation to pay extra deputies and as-

sistants, is to increase his salary to that extent, irrespective of the question as to whether in that particular county he is given a lump sum from which he is to secure his own remuneration and pay all deputies or assistants, or whether he is given a fixed salary and a certain number of deputies and assistants, also at fixed salaries, and is also required to pay additional deputies and assistants from his own salary. The case of *Newman* v. *Lester, supra,* having overlooked this provision of the statute, cannot be regarded as authority, and this is equally true of *Foucht* v. *Hirni, supra.*

Section 5, article XI, of the constitution requires that the legislature shall provide by general and uniform laws for the election or appointment of county officers and shall regulate their compensation. It was held in *Tulare County* v. *May,* 118 Cal. 303 [50 Pac. 427], that the compensation of officers by means of the two systems referred to in *Newman* v. *Lester, supra,* did not destroy the uniformity of county government required by this section. No matter which system is followed, the compensation in each case is for the performance of the duties of the particular office, whether they be performed by the officer or by his deputies or assistants. To hold that where the officer pays his own deputies or assistants he could not be allowed additional aid and where the deputies or assistants are paid from the county treasury he could, would be to destroy the very uniformity of system which in *Tulare County* v. *May, supra,* was held to obtain.

As the increase in compensation consists in paying out additional money from the county treasury, whether paid directly to the deputy or assistant, or indirectly through the county officer, to secure the performance of the duties of the office, it makes no difference whether the duties are performed by a new county officer or by additional persons employed in such an office. The result is the same in each instance and the county is required to pay more for the operation of the office. The appointment of the members of the board in the case at bar is a granting of additional aid to the county assessor and therefore violates the constitutional inhibition in this respect. (*Newman* v. *Lester, supra,* and the cases citing it to this point are disapproved.

[2]   The act is also violative of section 5 of article XI in that it delegates to the supervisors the right to determine when the members of the board shall be appointed, thus allowing the board of supervisors to add to the compensation of a county officer at its discretion, for, as already pointed out, the allowance of additional deputies or assistants is an increase of compensation. It is true that the board of supervisors has a right to employ persons to assist in the performance of the duties that devolve upon the supervisors; for instance, to employ a superintendent of the county hospital and of the poor farm, and other persons, to enable them to discharge their many duties as supervisors, which it is not intended they should perform personally. In this sense only are they entitled to employ persons and fix their salaries as employees of the county. The persons contemplated by section 4041b being engaged to aid a county officer, the board of supervisors has no authority in the matter. (*Skidmore* v. *West,* 186 Cal. 212 [199 Pac. 497].)

Judgment affirmed.

Wilbur, acting C. J., Waste, J., Richards, J., *pro tem.,* and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred.

Richards, J., *pro tem.,* was acting.