[S. F. No. 1664.   Department Two.—December 29, 1900.]

## CITY OF OAKLAND, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

TAXES—EQUALIZATION—POWER OF BOARD—JUDICIAL ACTION—EVIDENCE. A board of equalization acts judicially in raising or lowering an assessment, and has no arbitrary power of assessment or reassessment. It cannot act without a hearing upon notice given to the person assessed, nor change an assessment made by the assessor without evidence adduced before it authorizing such change.

ID.—ACTION BY CITY—ASSESSMENT ARBITRARILY RAISED BY COUNCIL— PAYMENT OF ORIGINAL ASSESSMENT.—A city cannot maintain an action for an unpaid increase of taxes where the original assessment made by the city assessor has been paid and the increase arose from the arbitrary raising of the assessment by the city council, sitting as a board of equalization, without any evidence adduced before it as to the value of the property assessed.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a motion for new trial.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

W. A. Dow, City Attorney, for Appellant.

A board of equalization has power to proceed of its own motion in raising an assessment, so as to equalize the assessment. No evidence is required by the code, unless there is an application for a reduction of the assessment. (Pol. Code, secs. 3672-77; *Allison etc. Co. v. Nevada County,* 104 Cal. 161.) A board of equalization may act upon their own knowledge of values, or upon any information thereof satisfactory to them, in making a just and proper increase of an assessment. (Welty on Assessments, 295; 25 Am. & Eng. Ency. of Law, 253; *Griswold v. Bay City,* 24 Mich. 262; *Case v. Dean,* 16 Mich. 12; *Grand Rapids v. Welleman,* 85 Mich. 234; *Republic Life Ins. Co. v. Pollak,* 75 Ill. 292; *Pulaski County Board of Equalization Cases,* 49 Ark. 518; *Grimes v. Burlington,* 74

Iowa, 123; *Smith v. Board of Supervisors*, 30 Iowa, 531; *Hannibal etc. R. R. Co. v. State Board of Equalization*, 64 Mo. 294; *McIntyre v. White Creek*, 43 Wis. 620; *Fields v. Russell*, 38 Kan. 720; *City of New York v. Davenport*, 92 N. Y. 604; *People ex rel. Supervisors etc. v. Hadley*, 76 N. Y. 337.)

A. A. Moore, and H. S. Brown, for Respondent.

A board of equalization acts judicially (*People v. Goldtree*, 44 Cal. 323, 325), and can act only upon evidence; and until a case is established authorizing an addition to the assessed valuation of property, the party summoned before it has nothing to rebut, but may rest upon the assessed valuation. (*People v. Reynolds*, 28 Cal. 108, 112; *San Francisco v. Flood*, 64 Cal. 504, 508; *Farmers' etc. Bank v. Board of Equalization*, 97 Cal. 318, 325.) These cases settle the law of this state in the same manner that it is settled in some other states in cases not referred to by the appellant. (Am. & Eng. Ency. of Law, sec. 25, pp. 258, 259, and cases there cited, to the effect that a board cannot act arbitrarily, and that a determination not based upon evidence is void.)

THE COURT.—This action was brought to recover taxes claimed to be due plaintiff by defendant upon property owned by it on the first Monday of March, 1894. Findings were filed and judgment entered for defendant. Plaintiff appeals from the judgment and from an order denying its motion for a new trial.

The amount of taxes that were due by defendant, according to the assessment as made by the city assessor, at the rate as fixed by the proper authorities, has been paid, and therefore the same is not involved in this action.

The council of plaintiff, sitting as a board of equalization, after notice to defendant, but without evidence or testimony of any kind as to the value of defendant's property described in its assessment, increased and raised the assessment as made by the assessor six hundred and eighty-one thousand five hundred dollars, which amount was by resolution directed to be added to the assessed valuation of the property which had been so assessed by the assessor. The main question in the case is as to whether or not the board of equalization had power to so in-

crease the assessment without hearing or taking any evidence whatever.

The board of equalization, being an inferior tribunal or body created by statute, has such jurisdiction and powers as are given to it by statute and none others. The powers of the board in regard to the equalization of taxes are prescribed by the Political Code, section 3672 et seq. It is provided in section 3673: "The board has power, after giving notice in such manner as it may by rule prescribe, to increase or lower the entire assessment-roll or any assessment contained therein, so as to equalize the assessment of the property contained in said roll, and make the assessment conform to the true value of such property in money."

Section 3677: "During the session of the board the assessor and any deputy whose testimony is needed must be present, and may make any statement or introduce and examine witnesses on questions before the board."

It is, by section 3678, made the duty of the recorder annually to transmit to the assessor a complete abstract of all mortgages, deeds of trust, contracts and other obligations by which any debt is secured, remaining unsatisfied on the records of his office, not barred by the statute of limitations, on the first Monday of March of each year.

Section 3679: "The board must use the abstract and all other information it may gain from the records of the county recorder or elsewhere in equalizing the assessment of the property of the county, and may require the assessor to enter upon the assessment-book any property which has not been assessed."

The board of equalization in passing upon a question as to whether an assessment is too high or too low acts in a judicial capacity, and its decision is an adjudication and as clearly so as a judgment for the recovery of the tax. (*People v. Goldtree*, 44 Cal. 323, 325.)

The assessor is the officer expressly authorized by law to fix the value of all property for the purposes of taxation. His valuation is presumed to be correct, but the sections of the code cited provide a remedy for the correction of errors of judgment or mistakes made by him in his valuations. He is not required to hear evidence, but must use his best judgment

in the first place and fix the actual cash value of the property according to the rules laid down for his guidance. In so doing he should use his knowledge of values and of comparative values, with the aim and purpose of assessing all property at its full cash value, no matter who the owner thereof may be. The legislature evidently intended to provide—not a tribunal to reassess the property—but a body clothed with the authority to hear and determine if the assessor has equally and impartially performed his duty. The board so created has not the power of its own volition and on its opinion or the opinion of its members, without hearing evidence, to reassess the property. If it had such power there should be some tribunal to correct the assessments so made by the board. In the early case of *People v. Reynolds*, 28 Cal. 112, it is said: "When the party interested appears in answer to the notice or summons he is entitled to be informed of the matters which he may be required to meet; and until a case be established authorizing an addition to be made to the assessed valuation of the property, he will have nothing to rebut, but may rest securely upon the assessed valuation. The board have no more right to add to the assessed valuation of the property, without evidence authorizing them to do so, than a court or jury have to find facts and determine the rights of litigants without evidence. If boards of equalization may arbitrarily and of their own mere caprice increase the assessed valuation of property, then they possess a power without prescribed limits which may be used for purposes of the grossest oppression and injustice."

The above decision was made under the revenue act of 1861 (Stats. 1861, p. 427), which provided: "The board of equalization shall have power to determine all complaints made in regard to the assessed value of any property, and may change and correct any valuation, either by adding thereto or deducting therefrom, if they deem the sum fixed in the assessment-roll too small or too great, whether said sum was fixed by the owner or the assessor."

The act of 1861 would seem to give the board more extensive powers than any change in the section has since given it. When the codes were adopted the substance of the act of 1861 in regard to powers of the board was enacted in section 3673

of the Political Code, and read: "The board has power to determine all complaints in regard to the assessed value of property, and may, except as prohibited in this title, correct any valuation by adding or deducting such sum as may be necessary to make it conform to the actual cash value." The section was amended in 1880 as it now reads, and has ever since stood in its present form. It is argued that the amendment of 1880 dropped from the section the words, "all complaints in regard to the assessed value of property," and that the board may now, after giving notice, raise an assessment without any formal complaint being filed; hence if no complaint is necessary no evidence is required. We do not think it was the intention to dispense with evidence.

In *San Francisco v. Flood,* 64 Cal. 508, decided in January, 1884, it is said: "The action of the board in dealing with the valuation of the property listed in the roll is based upon evidence which may be adduced before the board. (Pol. Code, secs. 3673, 3677.) As to increase of amount of valuation or reduction, the board can only act on evidence. We cannot see how it could act otherwise."

In *Hagenmeyer v. Board etc. of Mendocino Co.,* 82 Cal. 218, it is said: "The record does not show by affirmative proof that the board did not act upon evidence before it. Therefore its order in the premises is conclusive that it did act upon such evidence as was necessary."

In *Farmers' etc. Bank v. Board of Equalization,* 97 Cal. 325, it is said: "The board had no power to order a new assessment to be made without evidence."

Under the above decisions it has become the settled rule in this state that the board can only act upon evidence in raising or lowering an assessment. We are aware that a different rule has been announced in some states, but generally the rule in such cases has been based upon the peculiar wording of the statute under which the decision has been rendered. But when such is not the case, we think the rule as herein announced the better and safer one. It is claimed that the record shows that there was evidence taken before the board. Counsel in his brief under this claim says: "Mr. Ryan was called upon to testify, but refused to make any statement why

the assessment should not be increased. Mr. Martin, in behalf of the defendant, testified simply that the assessment as it then stood was too high." We have examined the record and do not find that Mr. Martin was ever sworn as a witness or that he testified before the board. The finding of the court is: "That said resolution was adopted without the taking or hearing of any evidence or testimony whatever as to the value of said property, and no evidence or testimony of any kind whatever was taken or heard or considered." The finding is supported by the testimony in the record.

The judgment and order are affirmed.

Hearing in Bank denied.