(March 6, 1924.)

GEM STATE LUMBER COMPANY, a Corporation, Respondent, v. W. B. SHELDON, Appellant, and GEORGE WINEGAR, Defendant.

[224 Pac. 79.]

LANDLORD AND TENANT — LEASE STIPULATING FOR CONSTRUCTION OF BUILDINGS—WHEN LESSOR LIABLE FOR COST OF MATERIAL—GENERAL DENIAL—WHEN IT DOES NOT TENDER AN ISSUE OF FACT.

1. Where the owner of lands leases the same for three years, and agrees with the tenant that he may purchase material to construct necessary buildings thereon, each to pay for one-half of such material, and the tenant purchases such material and constructs the buildings according to the terms of the lease, the lessor is liable for the payment of the cost of such material, although the tenant may have made the contract of purchase.

2. Where a lease provides that the tenant shall pay one-half of the cost of building material necessary to construct buildings upon the lands which he has leased for a term of years, the lessor to credit him for such payment upon the note given for the first year's rent, and the parties thereafter mutually agree to a cancelation of the lease and return of the note, in consideration of the tenant surrendering the premises and leaving the buildings constructed with this material thereon, the lessor is liable for the entire purchase price of the material.

3. Where a verified complaint alleges that the plaintiff is a duly organized and existing foreign corporation, and has complied with the laws of this state relative to foreign corporations and is qualified to do business in the state, a general denial of such allegation does not tender any issue of fact as to its qualification.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. Henry F. Ensign, Judge.

Action to recover for lumber and building materials sold and delivered. From judgment in favor of plaintiff against defendant Sheldon, Sheldon appeals. *Affirmed.*

J. W. Taylor, for Appellant.

A foreign corporation, in order to maintain an action in the courts of this state, must prove that it has paid its annual license fee. (*Rowe v. Stevens,* 25 Ida. 237, 137 Pac. 159.)

The owner of a building cannot be personally bound by the act of a contractor under C. S., sec. 7339. The charge becomes purely one *in rem* and runs against the building only. (*Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24.)

Padgham & Padgham, for Respondent.

Where a person receives the benefits of a transaction he is estopped from denying his liability therefor and thus defeating even-handed justice. (*Twin Falls County v. West,* 25 Ida. 271, 137 Pac. 171; *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090.)

WILLIAM A. LEE, J.—This action was instituted by respondent, Gem State Lumber Company, to recover from W. B. Sheldon and George Winegar the purchase price of certain building materials used to construct buildings on lands owned by appellant Sheldon.

In the preceding October, appellant Sheldon leased to his codefendant, Winegar, eighty acres of farm land in Lincoln, afterward Jerome county, the premises upon which these buildings were constructed. Among other things, the lease provided that Winegar should have the use of said land for three years at an annual rental of $500, and Winegar executed his notes to appellant for the entire period.

It further provided that Winegar should construct upon said premises whatever buildings were necessary to enable him to occupy the same, not to exceed in cost $500, one-half of the material to be paid for by each of said parties to the lease, Sheldon to credit upon the note given by Winegar for the first year's payment of rent the amount Winegar was to pay for this material. Winegar went into possession and constructed the buildings referred to, and in order to do so purchased from respondent the necessary building material, amounting to $510.50, the recovery of the purchase price of which is respondent's cause of action.

On July 14th, following, a second agreement was entered into between appellant and Winegar, whereby it was agreed that each of the parties should release the other from all obligations by reason of this leasing agreement, and the tenancy created thereby was terminated. Winegar was to leave all the improvements upon the premises, in good condition, and appellant canceled the three notes he had taken as consideration for the rental of the premises and released the chattel mortgage executed by Winegar and his wife to secure these notes.

The action was tried to the court with a jury, and it returned a verdict against appellant for the entire purchase price of this material and found no cause of action against defendant Winegar; from the judgment thereon this appeal is taken.

The assignments of error are to the effect that the evidence is insufficient to sustain the verdict against appellant, for the reason that it fails to show that respondent sold and delivered the material to appellant.

The testimony of respondent's manager is that the defendant Winegar came to him in the spring and stated the substance of the leasing agreement as to the purchase of this building material, that there were no buildings on the premises, and that he was to purchase the material and construct these buildings in accordance with the leasing agreement between Winegar and Sheldon; that the material was delivered to Winegar, and used in the construction of

the buildings upon appellant's premises. The charge account, as entered upon the books of respondent company, shows this material to have been delivered between May 7th and June 4th, and to have been charged to both Winegar and appellant. Subsequent to the cancelation of the lease and the return of the notes given by Winegar to appellant, the manager of respondent company called upon Winegar, who advised him of the cancelation agreement.

Upon the trial of the cause, the lease and the subsequent cancelation agreement were offered in evidence. Over objection, defendant Winegar and his wife were permitted to testify that when the agreement canceling the lease was executed in July between appellant and Winegar, the matter of Winegar being released from the obligation to pay for one-half of the material was mentioned, and that it was understood between the parties at the time that Winegar should be released from any obligation, as between himself and appellant, to pay for this material, so that aside from the exhibits, which include the lease and the agreement canceling the same, there is parol evidence tending to show that it was understood between the parties that upon the cancelation of this lease and Winegar surrendering possession of the premises, his obligation to appellant to pay for one-half of this material was canceled by appellant. This is a correct interpretation of the cancelation agreement, from the terms of the instrument itself, and when considered in connection with appellant's return to Winegar of his note and the surrender of the premises upon which the buildings had been constructed, in the absence of objection on the part of respondent, was sufficient evidence to warrant the jury in finding no cause of action against defendant Winegar; hence any error in permitting Winegar and his wife to testify that such was the agreement was harmless error.

We think the cancelation agreement itself shows that it was the intent of both parties to the agreement that the buildings were to remain upon the premises as Winegar had constructed them, and the fact of Winegar surrendering

possession so that he could not thereafter derive any benefit from these buildings, when taken in connection with the surrender of the $500 note given to appellant in payment of the first year's rent, and upon which credit for Winegar's half of the cost of this material was to be given, supports the conclusion that appellant intended to and did assume the entire obligation to pay for this building material.

There is no merit in the contention that because this material was not bargained for and delivered to appellant in person, he is not bound for the purchase price. He had expressly stipulated in the lease with Winegar that the material for these buildings should be purchased, and under the then existing agreement both parties were liable to respondent for the entire purchase price. By canceling the agreement, which of course could not affect the right of respondent to recover from either or both the lessee and lessor without its consent, appellant and his tenant, Winegar, could make this or any other lawful agreement as between themselves. They did agree to a cancelation of the lease, and upon terms that left the appellant the sole beneficiary of this material, and he, having authorized its purchase, is not in a position, as against respondent, to deny his obligation to pay for the same.

The assignment that respondent did not prove or offer to prove that it had paid its annual license fee so as to enable it to maintain an action in this state is without merit. Where the allegation of a verified complaint is sufficient to show that the plaintiff, a foreign corporation, is qualified to do business in the state, and this allegation is generally and not specifically denied, such denial does not tender an issue of fact.

The judgment is affirmed, with costs to respondent.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.