[Civ. No. 442. Fourth Appellate District.—September 15, 1930.]

W. A. SAUNDERS, Respondent, v. R. H. ISOM, Appellant.

304

Ault & MacKinnon for Appellant.

Harry W. Horton for Respondent.

MARKS, J.—Respondent filed his action in the court below praying judgment against appellant upon a promissory note given by appellant to respondent on the nineteenth day of March, 1925, in the principal sum of $4,950. The note provided for interest at six per cent per annum, and for attorney's fees. Judgment was rendered in favor of respondent for the principal sum of the note, accrued interest, and $250 attorney's fees.

Appellant's indebtedness to respondent grew out of the sale of sixteen mules. Appellant contends that the mules were sold by respondent to Yee Gee Woo, a Chinaman living in Mexico and that appellant acted as agent for respondent in the sale. He testified that the selling price of the mules, together with harnesses which he supplied, was $4,400, of which the sum of $1400 was paid in cash and the balance by three promissory notes in the sum of $1,000 each; that he bought and paid for the harnesses out of the cash payment and turned the balance of the money over to the representative of respondent. As this representative objected to accepting the notes of Woo, appellant executed and delivered to respondent his three promissory notes in

the sum of $1,000 each and bearing interest at the rate of ten per cent per annum payable and compounded quarterly, and took Woo's three notes himself for like amounts. He claimed an agreement on the part of respondent to the effect that he, appellant, would not be called upon to pay any part of his notes to respondent unless Woo paid the notes he gave to appellant. His testimony was denied by respondent, and the trial court found that the mules were sold by respondent to appellant, and by appellant to Woo, and that the three notes executed by appellant in favor of respondent evidenced part of the purchase price of the mules in the sale from respondent to appellant. The trial court further found that there was no agreement between the parties hereto that the payment of appellant's notes to respondent depended in any way upon the payment of Woo's notes to appellant. ■ The evidence being conflicting upon these points, the findings of the trial court thereon cannot be disturbed.

Appellant presents but two alleged errors of the trial court as grounds for the reversal of the judgment. First, he maintains that the trial court erred in denying his motion for a continuance made during the trial, and, second, that the court erred in giving judgment against appellant for any amount in excess of $3,000, because of the claim that the interest as computed on his three $1,000 notes was usurious.

It appears from the record before us that this cause was originally set for trial in the court below for the twenty-second day of March, 1928, before the late Honorable J. S. Larew, who died on March 10, 1928. He alleges conversations between the attorneys for the respective parties hereto in which it was understood that the case would have to be continued and not tried on the date set, but that on the 19th of March, 1928, the Honorable Percy S. King was assigned to preside in the court below and that the case was called for trial on March 22, 1928. On that day, appellant was absent from the court and could not appear and testify. Respondent, however, presented his testimony and the case was continued to March 23, 1928, when it still appeared that appellant had not returned to El Centro and the court then continued the case to March 26, 1928, at which time appellant appeared as a witness in his own

behalf and presented other evidence in support of his defense.

■ Appellant claims that owing to the uncertainty as to the time of trial following the death of the Honorable J. S. Larew, he was not able to secure two of his witnesses and was deprived of their testimony and that for this reason the trial court abused its discretion in not granting him the continuance so that these witnesses could be produced and could testify. The record shows that at the opening of the trial on March 22, 1928, counsel for appellant suggested to the court that one of appellant's witnesses, Charlie Ming, was in jail in Mexicali and could not be produced and for this reason requested a continuance of the case. Appellant's counsel stated in open court the evidence which he expected to obtain from this witness, and respondent's counsel stipulated that if the witness were present he would so testify and that the testimony stated be considered as actually given and offered at the trial. Upon this stipulation the trial court proceeded with the case. On the last day of the trial, March 26, 1928, counsel for appellant suggested for the first time the sickness and absence of Harry Storey, a witness for appellant, and again requested a continuance to permit the production of this witness. He stated the evidence which he expected to obtain from this witness, and counsel for respondent stipulated that if the witness were present he would so testify, which stipulation was received by the court. Under these circumstances the ruling of the trial judge, in denying a continuance of the case, was entirely proper. Such action is required under such circumstances by the provisions of section 595 of the Code of Civil Procedure.

■ The evidence shows that the three notes for $1,000 each, given by appellant to respondent, were not paid and that in March, 1925, respondent requested their renewal. Appellant executed the note involved in this suit, in the principal sum of $4,950, on March 19, 1925, and respondent delivered the three notes for $1,000 each to appellant. The principal sum of the renewal note, $4,950, was composed of $3,000, the principal of the three original notes, and $1950, accrued interest thereon. Appellant maintains that the interest on the three original notes as computed, in the sum of $1950, was usurious. He contends that while the notes

provided for interest at the rate of ten per cent per annum, compounded quarterly, if not paid, the compounding of the interest raised the rate above twelve per cent per annum during the latter portion of the period for which the interest was computed and charged. Under the facts presented by the record we are not required to pass upon this contention of appellant. The court found that the interest computed on the three $1,000 notes was not usurious. These notes do not appear in the record. Counsel for appellant in his examination and cross-examination of the witnesses in the court below assumed that they were given in January or February, 1920, but none of the witnesses attempted to fix the dates of the notes nor the time of their execution. Respondent had sold mules to appellant over a period of a number of years before and after the particular transaction in question. Neither party was able to fix its date. It does appear, however, that these notes were executed and delivered on the same day that Woo received the mules and executed his notes to appellant. Woo testified that this transaction occurred either in 1919 or 1920. Under these circumstances we cannot say that the trial court was not justified in finding that the interest computed on the three $1,000 notes was not usurious, as the time elapsing between the date of these notes and March 19, 1925, this being the period in which the interest accrued, cannot be determined from the record before us. The presumptions of law announced in section 1963 of the Code of Civil Procedure come to the aid of, and support the judgment of the court as there is no evidence in the record to overcome them. (*H. D. Haley & Co.* v. *McVay,* 70 Cal. App. 438 [233 Pac. 409]; *Ehlers* v. *Bihn,* 71 Cal. App. 479 [235 Pac. 673].)

Judgment affirmed.

Cary, P. J., and Haines, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1930.